**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALFONSO SANTIAGO, et al., | : | |
|     Plaintiffs | : | No. 1:18-cv-01635 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| PROGRESSIVE NORTHERN | : | |
| INSURANCE COMPANY, | : | |
|     Defendant | : | |

## MEMORANDUM

Before the Court is Defendant Progressive Northern Insurance Company ("Defendant")'s motion to set aside the entry of default entered on October 10, 2018.[1] (Doc. No. 9.) For the reasons stated below, the Court will grant Defendant's motion to set aside the entry of default.

## I. BACKGROUND

On August 17, 2018, Plaintiffs Alfonso Santiago and Denise Santiago ("Plaintiffs") initiated the above-captioned action by filing a complaint against Defendant.[2] (Doc. No. 1.) On August 27, 2018, Plaintiffs filed a certificate of service as to Defendant. (Doc. No. 4.) On October 8, 2018, Plaintiffs filed a request for the entry of default against Defendant (Doc. No. 5), and the Clerk entered default against Defendant on the same date (Doc. No. 7). Defendant then filed the instant motion to set aside the entry of default and a brief in support thereof on October 22, 2018. (Doc. Nos. 9, 10.) On October 24, 2018, Plaintiffs filed a response and brief in

---

[1] Although Defendant's motion (Doc. No. 9) requests that the Court set aside the default judgment, because a default judgment has not been entered, the Court construes Defendant's motion as a request to set aside the entry of default by the Clerk of Court on October 8, 2018 (Doc. No. 7). See Fed. R. Civ. P. 55 (describing the difference between entry of default and entry of default judgment).

[2] Plaintiffs' complaint asserts multiple claims, including breach of contract and bad faith claims, relating to Defendant's rejection of Plaintiffs' attempted recovery of uninsured motorist benefits pursuant to a motorcycle insurance policy they held with Defendant. (Doc. No. 1)

opposition to the motion to set aside the entry of default. (Doc. Nos. 12, 13.) Because the period for further briefing has passed, the motion is ripe for disposition.

## II. LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). 10A Charles Alan Wright et al., Federal Practice and Procedure § 2682 (4th ed. 2018) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987).

A district court may set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). In making this determination, "a court must consider (1) 'whether the plaintiff will be prejudiced,' (2) 'whether the defendant has a meritorious defense,' and (3) 'whether the default was the result of the defendant's culpable conduct.'"[3] See Malibu Media, LLC v. Waller, No. 15-cv-3002, 2016 WL 184422, at *2 (D.N.J. Jan. 15, 2016) (quoting Budget Blinds, Inc. v. White, 536 F.3d 244, 256-57 (3d Cir. 2008)). These are the same Chamberlain factors used by

---

[3] In the context of this analysis, the culpable conduct in the third factor refers to "dilatory behavior that is willful or in bad faith." See Clowney v. URS/AECOM, URS Fed. Services, No. 17-cv-223, 2018 WL 487843, at *3 (M.D. Pa. Jan. 19, 2018) (quoting Dizzley v. Friends Rehab. Program, Inc., 202 F.R.D. 146, 148 (E.D. Pa. 2001)) (internal quotation marks omitted). More than mere negligence is required for conduct to be culpable. See Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984).

courts when determining whether to set aside a default judgment. See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). However, the standard for setting aside an entry of default is more lenient than the standard for setting aside a default judgment. See Mark IV Transp. & Logistics, Inc. v. Bowman Sales & Equip. Co., No. 16-cv-1310, 2016 WL 4940314, at *1 (D.N.J. Sept. 14, 2016) (citing Feliciano v. Reliant Tooling Co., 691 F.2d 653, 656 (3d Cir. 1982)).

## III. DISCUSSION

### A. Parties' Arguments

Defendant first argues that the entry of default against it was improper because Plaintiffs' complaint does not seek a sum certain, and Plaintiffs' request, therefore, should have been directed to the Court, rather than to the Clerk of Court. (Doc. No. 10 at 1-2.) Defendant next argues that Plaintiffs failed to serve Defendant properly because Plaintiffs' inclusion of a waiver when they purportedly served Defendant via certified mail meant that they were choosing to serve Defendant pursuant to Federal Rule of Civil Procedure 4(d)(1), under which personal service is required if the defendant does not acknowledge service. (Id. at 7-11.) Defendant further contends that even if service were proper, Plaintiffs will not suffer any loss of evidence or lose their ability to pursue their claim—and, therefore, would not be prejudiced—if the entry of default is set aside. (Id. at 11-12.) Defendant also argues that it has a meritorious defense to Plaintiffs' claims, asserting that it does not have any obligation to pay uninsured motorist benefits to Plaintiffs because it did not find that an unknown tortfeasor was responsible for Plaintiffs' loss, and that it had a reasonable basis for its handling of Plaintiffs' claim. (Id. at 12-13.) Finally, Defendant argues that the entry of default was not the result of its culpable conduct because Plaintiffs mailed a copy of the complaint to an address with no prior connection to the

dispute, and personnel at that location advised Defendant's counsel that they were unable to connect the pleading to any of Defendant's insurance claims. (Id. at 13-14.)

In response, Plaintiffs dispute Defendant's assertion that the address to which the complaint was sent was the improper location for service and note that the address was listed on the declarations page that Defendant issued to Plaintiffs. (Doc. No. 12 at 1-2.) Plaintiffs further argue that they properly served Defendant pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) (id. at 3), and that they will be prejudiced if the Court sets aside the entry of default because "[a]ny [p]laintiff who holds a judgment that is then set aside is prejudiced" (Doc. No. 13 at 2).

### B. Whether the Entry of Default Should Be Set Aside

The Court finds that Plaintiffs did not properly serve Defendant. Exhibit B of the document filed as Plaintiffs' certificate of service indicates that Plaintiffs provided a "Notice of a Lawsuit & Request to Waive Service of a Summons" and a "Waiver of the Service of a Summons" when they sent Defendant the summons and complaint via certified mail. (Doc. No. 4-2 at 2.) Plaintiffs argue that they properly served Defendant pursuant to Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A), which permit service pursuant to state law. (Doc No. 12 at 3.) However, when a plaintiff sends a defendant waiver of service forms, along with a complaint and summons, he has initiated a "uniquely federal method of serving process." See Gonzalez v. Thomas Built Buses, Inc., 268 F.R.D. 521, 525 (M.D. Pa. July 27, 2010) (quoting Umbenhauer v. Woog, 969 F.2d 25, 29 (3d Cir. 1992)) (internal quotation marks omitted). "The Third Circuit has found that once a plaintiff has attempted to enact a waiver of service—a federal means of service—the plaintiff can not retroactively attempt to characterize the service attempt as being made pursuant to state law." Gonzalez, 268 F.R.D. at 525 (citing Umbenhauer, 969 F.2d at 29).

Instead, if the defendant to whom the waiver forms were sent does not acknowledge service, the plaintiff must then effectuate personal service on the defendant pursuant to Federal Rules of Civil Procedure 4(e)(2) or 4(h)(1)(B). See, e.g., Perez v. Griffin, No. 06-cv-1468, 2006 WL 3683164, at *1 n.1 (M.D. Pa. Dec. 12, 2006) ("Absent such a waiver, personal service of process is required under the Federal Rules of Civil Procedure.") (citations omitted). Here, a review of the docket indicates that Plaintiffs did not effectuate personal service on Defendant when Defendant failed to acknowledge the waiver. Thus, the Court concludes that Plaintiffs failed to properly serve Defendant. See Gonzalez, 268 F.R.D. at 525-26 (concluding that "attaching the waiver to the complaint and summons effectively voided" the plaintiffs' attempt to serve the defendant pursuant to state law, and because personal service was not attempted, service was therefore improper). District courts in the Third Circuit have found a showing of improper service sufficient to vacate an entry of default. See Malibu Media, LLC v. Doe, No. 17-1315, 2018 U.S. Dist. LEXIS 14920, at *2 (M.D. Pa. Jan. 30, 2018) (vacating the entry of default due to a defect in service of process); Callan v. Patel, No. 15-cv-2357, 2017 WL 4310071, at *4 (M.D. Pa. Sept. 28, 2017) (setting aside the entry of default because the defendant was not properly served). Accordingly, the Court concludes that setting aside the entry of default without consideration of the specific Chamberlain factors is appropriate.[4] See Callan, 2017 WL 4310071, at *4.

---

[4] Even if a Chamberlain analysis were necessary, the Court would nonetheless find that Defendant has demonstrated good cause to set aside the entry of default. First, Plaintiffs have not demonstrated that their claims "would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." See Microtech Knives, Inc. v. Benson, No. 15-cv-140, 2015 WL 6642972, at *2 (W.D. Pa. Oct. 30, 2015) (quoting Dizzley, 202 F.R.D. at 147-48) (internal quotation marks omitted). Thus, the first Chamberlain factor, whether Plaintiffs will be prejudiced if the entry of default is set aside, weighs in favor of setting aside the entry of default. Next, the Court concludes, upon consideration of Defendant's asserted defenses (Doc. No. 10 at

5

## V.     CONCLUSION

Based on the foregoing, Defendant's motion to set aside the entry of default (Doc. No. 9), will be granted, and the Court will direct the Clerk of Court to set aside the entry of default against Defendant (Doc. No. 7).  Defendant will be permitted twenty (20) days within which to file an answer or other response to Plaintiffs' complaint.  An appropriate Order follows.

---

12-13), that the second <u>Chamberlain</u> factor also weighs in favor of setting aside the entry of default.  Finally, the Court concludes that Defendant's failure to respond to Plaintiffs' complaint was not willful or in bad faith, and, therefore, the third factor also weighs in favor of setting aside the entry of default.  Accordingly, consideration of the <u>Chamberlain</u> factors also demonstrates the existence of good cause to set aside the entry of default.